Kelly, J.
I disagree with the majority’s narrow view of vicarious liability.
The Court of Appeals held, for legal and public policy reasons, that it is proper to hold the employer, J. B. Hunt Transport, Inc., liable for a tort that was established by default. In doing so, it followed the law:
Where several defendants are treated as one, as in cases involving employers and employees, but one defaults, the defaulter still has the benefit of any contributory negligence established against the plaintiff by the remaining defendant. Thus, where vicarious liability is found, the court should tell the jury that the defaulting employee has been found negligent, and his negligence should be compared to that of *656 the plaintiff in determining the defendants’ liability. [57B Am Jur 2d, Negligence, § 1276, p 174]
I agree with the Court of Appeals, which used the default of the driver, Wesley Crenshaw, to preclude Hunt from denying liability for Crenshaw’s negligence.
The majority relies on the notion that Hunt’s “control” of Crenshaw at the time of the default is the key to whether Hunt is liable. It assumes that the only time when liability for Crenshaw’s acts could attach was when Crenshaw was an employee of Hunt.
Certainly, control is one of the considerations upon which respondeat superior liability reposes. However, it is not the only consideration. When the majority uses control as its only consideration, it confuses liability arising from respondeat superior with vicarious liability arising from another doctrine, agency.
The difference between the two is explained by 27 Am Jur 2d, Employment Relationship, § 460, pp 897-898:
Vicarious liability based on agency is distinct from liability based on respondeat superior in that the employer is not liable for the acts of the employee under the former theory unless the employee acted on behalf of or under the authority of the employer and unless the employer clearly approved of the wrongful conduct.
The majority is using an agency theory to support vicarious liability. Because Hunt had no control over Crenshaw when the latter defaulted, the majority will not allow vicarious liability to attach.
Vicarious liability should be found in this case not on the basis of agency, but on the basis of the doctrine of respondeat superior. Holding the employer liable for the underlying tort, even though its *657 employee defaulted, would satisfy vital policy interests, such as justice, convenience, deterrence, social justice, and the ability to give the victim an effective remedy. These approaches have been explained in Am Jur 2d:
The modem basis for vicarious liability is that, as a matter of public policy, an enterprise or an activity should bear the risk of a tort—committed or resulting from omission— of those who, in fact, carry on the enterprise, activity or operation. It is a part of the cost of doing business or carrying on various activities; and, in modem society, in Western countries at least, the cost is spread throughout industries or even the public at large by use of liability insurance and similar self-insurer devices—rather than being borne by some hapless injury victim. Thus, the doctrine has been developed and extended out of the necessity of changing social and economic conditions. [57B Am Jur 2d, Negligence, § 1753, pp 447-448.]
The authors of Torts, Prosser and Keeton, also assert that vicarious liability is not a mere question of control, and that other bases exist for it:
The losses caused by the torts of employees, which as a practical matter are sure to occur in the conduct of that employer’s enterprise, are placed upon that enterprise itself, as a required cost of doing business. They are placed upon the employer because, having engaged in an enterprise, which will on the basis of all past experience involve harm to others through the torts of the employees, and sought to profit by it, it is just that he, rather than the innocent injured plaintiff should bear them; and because he is better able to absorb them, and to distribute them, through prices, rates or liability insurance, to the public, and so to shift them to society, to the community at large. [Prosser & Keeton, Torts (5th ed), § 69, pp 500-501.]
Therefore, the majority errs by giving undue weight to control. Had Crenshaw been held háble after a *658 trial, Hunt would have been liable for Crenshaw’s negligence, even though it has no control over what Crenshaw did, said, or admitted at trial. This is because, on a respondeat superior theory, the employer is normally liable for the employee’s underlying tort.
There is another good reason to hold the employer hable here. Default is considered to be a punitive measure, but it is accepted in the law because it is needed to preserve a fair tribunal, free of egregious discovery abuses. Despite this need, the majority allows the employer a potential benefit from the driver’s default, the driver’s absence from trial as a major witness.
Moreover, the policy reasons cited by the majority support the use of the default against Hunt. As it points out, the imposition of vicarious liability serves as an incentive for employers to reduce tortious conduct and promotes a fair distribution of risk. Trucking companies hire drivers to traverse multiple states where they might become involved in accidents. They must be held to know that a lawsuit and the potential default of an out-of-state driver are risks to be expected in their business.[1] In balance, it is better that Hunt not be allowed a potential benefit from the absence of Crenshaw at trial.
Finally, it should be noted that the imposition of vicarious liability on Hunt would not render it defenseless at trial. A default would establish negligence on the part of Crenshaw, but it would not *659 determine the extent of Hunt’s liability. Under the Court of Appeals decision, Hunt would still be able to contest up to ninety-nine percent of its liability at trial.
Because I believe that the majority’s analysis is too restrictive a view of vicarious liability based on respondeat superior, I dissent.

 In fact, it has happened before that a trucking company’s driver, resident in another state, became involved in an accident and defaulted upon being sued. See, e.g., JB Hunt Transport, Inc v Bentley, 207 Ga App 250; 427 SE2d 499 (1992).